IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:02-CR-88 |
| CHARLES ANTHONY ORR, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 16, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Stevan Buys.

Charles Anthony Orr was sentenced on July 1, 2003, before The Honorable Paul Brown of the Eastern District of Texas after pleading guilty to the offense of Conspiracy-Manufacture, Distribute, Possess, Dispense, Cocaine Base (Crack)/Marijuana, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of V, was 262 to 327 months. Charles Anthony Orr was subsequently sentenced to 320 months imprisonment, followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment, financial disclosure, and credit application restrictions. On February 7, 2012, the term of imprisonment was reduced to 184 months. On June 19, 2015, the term of imprisonment was further reduced to 160 months. On October 30, 2015, Charles Anthony

Orr completed his period of imprisonment and began service of the supervision term. This case was reassigned to U.S. District Judge Amos L. Mazzant, III on January 14, 2015.

On February 28, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 713, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; (3) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (4) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) On February 4, 2020, Charles Orr possessed/used a device designed to falsify drug test results in violation of Texas Health and Safety Code Section 481.133, a Class B Misdemeanor; (2) On February 4, 2020 Charles Orr refused to submit a urine specimen as directed by the probation officer. On March 29, 2018, Charles Orr submitted a urine specimen which tested positive for marijuana; (3) Charles Orr failed to submit a written report timely for the following months: January 2019, May 2019, June 2019, July 2019, August 2019, September 2019, October 2019, November 2019, and January 2020; and (4) Charles Orr failed to submit a urine specimen on the following dates: July 2, 2018; August 6, 2018; September 26, 2018; October 27, 2018; and November 2, 2018.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of two (2) months of imprisonment, with five (5) months of supervised release on home detention (with voice identification) to follow.

The Court further recommends the imposition of the standard conditions adopted by the Court and the re-imposition of special conditions originally imposed by the Court: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's ability to obtain and maintain legitimate employment; (2) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (3) You must participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (4) You are to be placed on home detention for the duration of your supervised release, to commence immediately upon release from confinement. During this time, you must remain at your place of residence except for employment and other activities approved in advance by the United States Probation Officer. You must maintain a telephone at

your place of residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephones for the above period. Your period of home detention will be monitored through voice verification technology. You are to pay the cost associated with the location monitoring program.

**SIGNED this 7th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE